CARTER, Judge.
This criminal appeal arises from the conviction of Carey Paul Smith for second-degree murder, LSA-R.S. 14:30.1. Defendant received the mandatory sentence under LSA-R.S. 14:30.1, life imprisonment at hard labor without benefit of probation, parole or suspension. Defendant appeals this conviction specifying one assignment of error.
FACTS
On July 22, 1981, at approximately 8:30 p.m., Jesse Trevathan, defendant, and defendant’s brother, Craig Smith, went to a trailer in Terrebonne Parish rented by Rick Whitener, the victim in the instant case, and knocked at the door. Whitener was not at home, and Trevathan was informed by George Cunningham, Whitener’s roommate, that the victim had not yet returned from work. Trevathan and the Smith brothers then left and returned at approximately 9:00 p.m. the same evening. Treva-than knocked on the door and when Cunningham again answered the door, Treva-than used a small .25 automatic pistol and ordered Cunningham to back up. Defendant, his brother, and Trevathan then entered the trailer. Both defendant and his brother were armed with clubs.
Upon entering the trailer, defendant and his brother searched the various rooms to determine if anyone else was present. When it was ascertained that there were no other individuals in the trailer, defendant and his brother cut the cord to the wall telephone in the kitchen of the trailer. Craig Smith tied George Cunningham’s hands behind his back with Jesse Treva-than holding the gun on Cunningham. Before the victim arrived, Carey Smith took possession of the gun for a short time while Trevathan used the bathroom.
Whitener returned home at approximately 9:30 p.m. Upon hearing the victim’s car pull up, all three perpetrators hid in the bedroom of the trailer. When Whitener entered the trailer, the three pounced on him, and the defendant and Craig Smith tied Whitener up with the cord taken from the telephone and a television cord found on the premises. Shortly thereafter, the *44 five men left the trailer in an automobile. Craig Smith drove the car with Cunningham and defendant beside him in the front seat. Trevathan sat with Whitener in the back seat. They drove around for approximately half an hour before they stopped at the instructions of defendant in the Devil Swamp area in Terrebonne Parish. Cunningham was then released from the vehicle. At the time he was released, Cunningham’s hands were still tied. Defendant, Trevathan and Craig Smith then drove Whitener to a point off of Louisiana Highway 659 in Terrebonne Parish, where Whitener was shot five times in the head, dragged to a nearby bayou, and thrown in. These events occurred at approximately 11:00 p.m. on July 22, 1981. Defendant Carey Smith, Craig Smith, and Jesse Treva-than were arrested for the murder of Rick Whitener on July 29, 1981. Later on the same day, the body of Rick Whitener was recovered from Bayou Blue where it had been placed by the defendant and his co-perpetrators. An autopsy was performed on Whitener’s body, and the cause of death was determined to be multiple gunshot wounds to his head.
TRIAL COURT
Carey Paul Smith was indicted for second-degree murder for the killing of Rick Whitener. Following a trial by jury, defendant was found guilty on March 25, 1983, and sentenced to life imprisonment without benefit of probation, parole or suspension of sentence. This criminal appeal followed.
ASSIGNMENT OF ERROR
Defendant, Carey Paul Smith, contends that the trial court erred in failing to provide an instruction which would give the jury a clear and understandable definition of the term “great bodily harm,” despite the jury’s specific request for such definition.
It is well established that the ruling of the trial court on an objection to a portion of his charge to a jury will not be disturbed unless the disputed portion, when considered in connection with the remainder of the charge, is shown to be erroneous and prejudicial. State v. Perry, 408 So.2d 1358 (La.1982). The court instructed the jury that there was no precise legal definition of “great bodily harm,” and therefore, the term would have to be defined by each juror in accordance with his own best experience. LSA-R.S. 14:30.1 is not unconstitutionally vague. State v. Mitchell, 412 So.2d 547 (La.1982). We find no error or prejudice in this ruling.
This assignment is meritless.
DECREE
Therefore, for the above and foregoing reasons, the defendant’s conviction is affirmed.
AFFIRMED.